## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIENNE HALBERSTAM, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| COVANTA HOLDING CORPORATION, DAVID M. BARSE, RONALD J. BROGLIO, PETER C.B. BYNOE, LINDA J. FISHER, JOSEPH M. HOLSTEN, OWEN MICHAELSON, DANIELLE PLETKA, MICHAEL W. RANGER, ROBERT S. SILBERMAN, JEAN SMITH, and SAMUEL ZELL, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Adrienne Halberstam ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through her counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for her Complaint:

### NATURE AND SUMMARY OF THE ACTION

1. Plaintiff brings this action against Covanta Holding Corporation ("Covanta" or the "Company") and the members of Covanta's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of their agreement to be acquired by funds affiliated with EQT Infrastructure ("EQT") through Covert Intermediate, Inc. and Covert Mergeco, Inc. (the "Proposed Transaction").

2. On July 14, 2021, Covanta and EQT entered into an Agreement and Plan of Merger (the "Merger Agreement") pursuant to which, each Covanta stockholder will receive $20.25 in cash for each share of Covanta common stock they own.

3. On September 2, 2021, Covanta filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC which omits and/or misrepresents material information concerning the Proposed Transaction. The failure to adequately disclose such material information renders the Proxy Statement false and misleading.

4. The stockholder vote to approve the Proposed Transaction is forthcoming. Under the Merger Agreement, following a successful stockholder vote, the Proposed Transaction will be consummated. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin defendants from conducting the stockholder vote on the Proposed Transaction unless and until the material information discussed below is disclosed to the holders of the Company's common stock, or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (i) the Company is headquartered in this District; (ii) one or more of the defendants either resides in or maintains executive offices in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

8. Plaintiff is, and has been continuously throughout at all times relevant hereto, the owner of Covanta common stock.

9. Defendant Covanta is a Delaware corporation, with its principal executive offices located at 445 South Street, Morristown, New Jersey 07960. Covanta's common stock trades on the New York Stock Exchange under the ticker symbol "CVA."

10. Defendant David M. Barse is, and has been at all relevant times, a director of the Company.

11. Defendant Ronald J. Broglio is, and has been at all relevant times, a director of the Company.

12. Defendant Peter C.B. Bynoe is, and has been at all relevant times, a director of the Company.

13. Defendant Linda J. Fisher is, and has been at all relevant times, a director of the Company.

14. Defendant Joseph M. Holsten is, and has been at all relevant times, a director of the Company.

15. Defendant Owen Michaelson is, and has been at all relevant times, a director of the Company.

16. Defendant Danielle Pletka is, and has been at all relevant times, a director of the Company.

17. Defendant Michael W. Ranger is, and has been at all relevant times, President and Chief Executive Officer, and a director of the Company.

18. Defendant Robert S. Silberman is, and has been at all relevant times, Lead Director and a director of the Company.

19. Defendant Jean Smith is, and has been at all relevant times, a director of the Company.

20. Defendant Samuel Zell is, and has been at all relevant times, Chairman of the Board.

21. Defendants identified in paragraphs 10-20 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Company Background**

22. Covanta is organized as a holding company and conducts all of its operations through subsidiaries, which are engaged predominantly in the business of waste and energy services. The Company's mission is to provide sustainable waste and energy solutions Covanta's core business is owning and operating infrastructure for the conversion of Waste-to-Energy ("WtE"). WtE facilities produce energy through the combustion of non-hazardous municipal solid waste ("MSW") in specially-designed power plants. The Company's WtE facilities earn revenue from the disposal of waste, generally under long-term contracts, the generation of electricity, and from the sale of metals recovered during the WtE process. The Company operates and/or has ownership positions in 41 WtE facilities currently in commercial operation, 39 of which are in North America. In total, these facilities process approximately 21 million tons of solid waste

annually, equivalent to 8% of the post-recycled MSW generated in the U.S.

**The Proposed Transaction**

23. On July 14, 2021, Covanta issued a press release announcing the Proposed Transaction stating, in pertinent part:

> MORRISTOWN, N.J. – Covanta Holding Corporation (NYSE: CVA), a world leader in sustainable waste and energy solutions, today announced that it has entered into a definitive agreement with EQT Infrastructure ("EQT"), whereby EQT will acquire all shares of Covanta common stock for $20.25 per share. The purchase price represents an approximately 37% premium to Covanta's unaffected share price of $14.78 on June 8th, the day prior to initial media speculation of a transaction. The acquisition is subject to Covanta shareholder approval, as well as customary government approvals, and is expected to close in the fourth quarter of this year. The agreement resulted from a competitive sale process and is not subject to a financing condition.
>
> "We are pleased to announce this agreement with EQT," said Michael Ranger, Covanta President and CEO. "Our comprehensive analysis during the past nine months has been singularly focused on enhancing value for our shareholders. EQT certainly recognizes the value we see in our business, and this transaction represents an excellent outcome of our strategic review. Furthermore, as an organization dedicated to sustainability and environmental stewardship, EQT shares our vision for a safer, cleaner and more prosperous future through sustainable waste management thereby ensuring no waste is ever wasted. We couldn't ask for a better partner as we embark on this next phase of our company's evolution, delivering on our goal of building a sustainable future for all stakeholders."
>
> Covanta is the world's leading waste-to-energy provider, operating facilities in North America, Europe and the UK. Annually, Covanta's 40 plus facilities process approximately 21 million tons of waste from municipalities and businesses and convert it into renewable electricity to power over one million homes.
>
> Following the completion of the acquisition, EQT will work with Covanta's management team to build upon its impressive strengths including its portfolio of assets that provide essential waste services to municipalities and commercial customers, its long-term community relationships, as well as its numerous growth opportunities, including through a robust UK project pipeline of new waste-to-energy infrastructure and Covanta's Environmental Solutions platform. Covanta will maintain its corporate headquarters in Morristown, New Jersey and its management team is expected to remain in place.
>
> Alex Darden, Partner within EQT Infrastructure's Advisory Team, said, "EQT and Covanta are proven business leaders who share a like-minded approach to

environmental stewardship, and this acquisition aligns directly with EQT's thematic approach of investing in sustainable businesses that have a positive impact on society.  EQT is excited to partner with the entire Covanta team and to invest in organizational, operational, and digital technology initiatives that will enhance Covanta's ability to provide sustainable solutions to growing waste challenges.  As a responsible investor, EQT is committed to working with Covanta on transforming and supporting the energy transition and circular economy across its local communities."

Sam Zell, Covanta's Chairman of the Board, commented, "This agreement represents the successful completion of many months of work by members of Covanta's senior leadership team as they executed the in-depth review of the company's operations, growth priorities and capital structure announced in October of last year.  This fulsome effort culminated in a competitive process that we believe provides the best risk-adjusted value for shareholders."

BofA Securities acted as financial advisor to Covanta and Debevoise & Plimpton LLP provided legal counsel.

**The Proxy Statement Misleads Covanta Stockholders by Omitting Material Information**

24.     The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Covanta's stockholders.  Designed to convince the Company's stockholders to vote in favor of the Proposed Transaction, the Proxy Statement is rendered misleading by the omission of critical information.

25.     *First*, the Proxy Statement omits material information regarding the Company's financial projections.  For example, with respect to each set of the Company's projections, the Proxy Statement fails to disclose the line items underlying: (a) Adjusted EBITDA; (b) Free Cash Flow; (c) North American Unlevered Free Cash Flows; and (d) European Levered Free Cash Flows.

26.     *Second*, the Proxy Statement omits material information regarding BofA's financial analyses.

27. With respect to BofA's *Selected Public Trading Companies Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the companies observed by BofA.

28. With respect to BofA's *Selected Precedent Transactions Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the transactions observed by BofA.

29. With respect to BofA's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 6.25% to 7.25% and 9.50% to 12.50%; (ii) the Company's projected net debt as of June 30, 2021; and (iii) the number of fully-diluted shares of Company common stock outstanding as of April 23, 2021.

30. With respect to BofA's *Wall Street Analysts Price Targets* analysis, the Proxy Statement fails to disclose: (i) the individual price targets used in the analysis; and (ii) the sources thereof.

31. In sum, the omission of the above-referenced information renders the Proxy Statement materially incomplete and misleading, in contravention of the Exchange Act. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the
Exchange Act and SEC Rule 14a-9 Promulgated Thereunder**

32. Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

33. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

34. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.  The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about Covanta's financial projections and the inputs and assumptions underlying BofA's financial analyses.  The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction or seek to exercise their appraisal rights.

36. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

37. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Against the Individual Defendants for
Violations of Section 20(a) of the Exchange Act**

38. Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

39. The Individual Defendants acted as controlling persons of Covanta within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Covanta, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

41. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

42. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

43. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Covanta's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands injunctive relief, in her favor and against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.


## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 23, 2021

**WEISSLAW LLP**

By /s/ Mark D. Smilow
Mark. D. Smilow
305 Broadway, 7th Floor
New York, New York 10007
Tel: (212) 682-3025
Fax: (212) 682-3010
Email: msmilow@weisslawllp.com
    -and-
Richard A. Acocelli (to be admitted *pro hac vice*)
305 Broadway, 7th Floor
New York, New York 10007
Tel: (212) 682-3025
Fax: (212) 682-3010
Email: racocelli@weisslawllp.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**FEDERMAN & SHERWOOD**
William B. Federman
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: (405) 235-1560
Fax: (405) 239-2112

*Attorneys for Plaintiff*